OPINION
Appellee, Safturf International Limited, Inc., was an Ohio corporation that was incorporated in February of 1998. The four equal shareholders were appellant, Dan Daluise, and appellees, Paul Lioi, Allen Teague and Henry Julicher.
On June 9, 1999, appellees Lioi and Teague filed a complaint for judicial dissolution of appellee Safturf. The only parties named in the action were appellees Lioi, Teague and Safturf. Appellant and appellee Julicher were not served with summons and complaint and were not joined as parties. By order dated September 20, 1999, the trial court judicially dissolved appellee Safturf and appointed Scott Marsh as receiver.
On March 31, 2000, the trial court filed a judgment entry regarding the assets and debts of appellee Safturf and ordered an auction for April 14, 2000. On May 9, 2000, the trial court filed a judgment entry disposing of the assets. Included in this determination were assets owned by appellant. Appellant filed an appeal of this order which is currently pending before this court (App. No. 2000CA00164). Appellant sought a stay of execution but was unable to post the required bond.
On September 29, 2000, appellee Julicher filed a motion for a show cause hearing claiming appellant had not complied with the May 9, 2000 order regarding the transfer of assets. A hearing was held on September 29, 2000. By judgment entry filed October 3, 2000, the trial court found appellant in contempt and sentenced him to thirty days in jail or in the alternative, appellant could purge himself of the contempt upon paying $10,000 to appellee Julicher's counsel within ten days of the order.
On October 20, 2000, appellee Julicher filed a motion seeking judgment in the amount of $20,000 and the arrest of appellant due to appellant's failure to comply with the October 3, 2000 contempt order. By judgment entry filed November 9, 2000, the trial court granted judgment to appellee Julicher in the amount of $10,000 and ordered a capias for the arrest of appellant.
On November 1, 2000, appellant filed an appeal of the October 3, 2000 judgment entry. On December 7, 2000, appellant filed an appeal of the November 9, 2000 judgment entry. These matters are now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ABUSED ITS DISCRETION BY HOLDING APPELLANT DALUISE IN CONTEMPT OF THE MAY 9, 2000 COURT ORDER.
 II THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING APPELLEE JULICHER A JUDGMENT IN THE AMOUNT OF $10,000 AGAINST APPELLANT DALUISE ARISING OUT OF THE CONTEMPT FINDING.
 I
This assignment of error raises among other issues an identical issue raised in App. No. 2000CA00164 which this court stayed under the provisions of the United States Bankruptcy Code, Section 362. See, Judgment Entry filed March 30, 2001. The issue is whether the trial court had jurisdiction to order a shareholder, a non-party to the action, to transfer certain corporate assets to the receiver under the judicial dissolution complaint filed pursuant to R.C. 1701.91. We find this issue is a threshold issue to the appeal sub judice and is not within the stay anticipated by the filing of the Chapter 7 Paul Lioi Bankruptcy Petition, #01-60839.
The question is whether the trial court had jurisdiction to order appellant to turnover certain assets of the corporation in his possession when he had not been named as a party in the original action. Based upon the facts sub judice, we answer in the negative.
R.C. 1701.91 permits the filing of a complaint for judicial dissolution without serving each and every shareholder:
 A complaint for judicial dissolution shall be verified by any of the complainants and shall set forth facts showing that the case is one of those specified in this section. Unless the complainants set forth in the complaint that they are unable to annex a list of shareholders, a schedule shall be annexed to the complaint setting forth the name of each shareholder, his address if it is known or the fact that it is not known, the number of shares owned by him, and any balance unpaid on his shares.
A trial court shall issue a final order "[a]fter a hearing had upon such notice as the court may direct to be given to all parties to the proceeding and to any other parties in interest designated by the court * * *." R.C. 1701.91(D).
The order which is the genesis of the contempt citation is an order empowering the receiver to collect and transfer all assets to the purchaser, appellee Julicher:
 It is hereby ORDERED, ADJUDGED and DECREED that immediately upon receipt of the balance of the funds heretofore described, the Receiver is hereby directed to convey the following assets to Julicher or his designee:
1. Golf cart;
2. Two (2) units Mow-N-Vac;
3. Molds for plastic curbing;
 4. $16,000.00 (account receivable for Pacific Sport Surfaces)
5. U.S. Patent No. 5,976,645;
6. The Domain name: "Artificialturf.com"
7. The website for Spinturf under "Artificialturf.com"
 8. The sales brochure for Safturf, including photographs and negatives;
9. The trade name "Safturf";
10. The corporation name "Safturf";
11. The sales video, the master tape and the script.
 Julicher, Lioi, Teague and Daluise are hereby ordered to fully cooperate with the Receiver, the Court and each other to effectuate a timely and orderly transfer of the assets to Julicher or his designee. Each party is specifically ordered to utilize their best efforts to immediately transfer whatever interest they might have had in said assets to the Receiver and/or Julicher or his designee as the case may be with the exception of rights provided the parties in the assets through agreements between them. Any party who fails or refuses to act in compliance with the Court Orders and/or the instructions of the Receiver shall be subject to a Motion to Show Cause why they should not be held in contempt of Court. Each party is also ordered to promptly execute any and all documents necessary to convey the assets heretofore described.
See, Judgment Entry filed April 26, 2000.
Simply put, the receiver was to gather the assets of appellee Safturf and distribute them to the purchaser. Appellant had been notified of the order by certified mail, but had not been present at the hearing, had not been served with summons and complaint, had not been named as a party to the action and had not been joined as a party.
It is axiomatic that a trial court's power of indirect contempt is limited by the trial court's jurisdiction over the parties. For example, contempt powers are extinguished over parties to a dismissed lawsuit.
We find this case to be similar to a case decided under the former judicial dissolution statute, G.C. 8623-85. In Rundell, Exr., et al. v.Batch, et al (1931), 42 0hio App. 204, the Court of Appeals for Lucas County found that when a receiver wished to perfect claims for assets of a corporation against non-parties, the receiver is required to file independent suit against the holders of the corporation's assets.
In order for the receiver sub judice to enforce the April 26, 2000 order, appellant should have been named and served as a party in the underlying judicial dissolution action or the receiver should have filed a separate complaint against appellant.
Based upon our reasoning supra, we find the trial court was without jurisdiction to order a contempt against appellant and therefore the contempt finding and the accompanying sentence are vacated. We find all the issues in Assignments of Error I and II to be moot.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby vacated.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is vacated.
Farmer, J.
Edwards, P.J. and Wise, J. concur.